UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CEREMONY OF ROSES ACQUISITION LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:23-cv-11015<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT**

Plaintiff files this complaint against defendants, alleging as follows:

**JURISDICTION AND VENUE**

1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Defendants are or will be subject to personal jurisdiction in this district, as Defendants: have engaged or will engage in acts or omissions inside and/or outside of this district causing injury within this district; or are or will be present in and about this district in connection with the claims asserted herein. Venue is proper under 28 U.S.C. § 1391(b), in that a substantial portion of the events or omissions giving rise to Plaintiff's claims by Defendants will occur before, during, and after the concerts scheduled in this judicial district, Defendants will be present in and about this judicial district in connection with the claims asserted in this action, and Defendants are or will be otherwise subject to personal jurisdiction in this Court.

1

**PARTIES**

2. Plaintiff Ceremony of Roses Acquisition LLC ("Plaintiff") is a Delaware limited liability joint venture with its principal place of business in New York, New York.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

**THE BACKGROUND OF THE ACTION**

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including, but not limited to tour books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Tour Merchandise") which embody the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. The artist known as "ZACH BRYAN" (the "Artist"), is the trademark used by this performer in connection with his performing, merchandising, recording and other related goods in all aspects of the entertainment industry and to distinguish his services and goods from all other such artists. The Artist has used his trademarks in connection with his goods and services for over

7 years. He has sold 5 million units in the United States, and has performed for millions of fans throughout the United States.

8. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Artist's present United States tour (the "Tour").

9. The Plaintiff has used the Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist's Trademarks merchandise, including T-shirts and other apparel.

10. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The previous tours by the Artist were attended by millions of concertgoers.

11. As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of merchandise bearing any of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from sale of Authorized Tour Merchandise bearing the Artist's Trademarks.

12. The Artist will perform throughout the United States on his tour, including on May 12, 2023 at DCU Center in Worcester, Massachusetts (the "Concert"). Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold throughout the United States, including before, during and after all concerts on the Tour.

**DEFENDANTS' UNLAWFUL CONDUCT**

13. Defendants, also known as "Bootleggers" will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise" or "Bootleg Merchandise") in the vicinity of the Concert, before, during and after the performance, and at other concerts during the Tour.

14. The Infringing Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. Further, the Infringing Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Artist which has developed by virtue of his public performances and the reputation for high quality associated with Plaintiff and Authorized Tour Merchandise.

15. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, even though this is not true. It also injures Artist and Plaintiff in that Defendants do not pay royalties for these unlawful sales.

16. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing trademarks, service marks, likenesses, logos and other indicia of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

17. Upon information and belief, Defendants will continue to engage in such infringing activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

18. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## CLAIM FOR RELIEF
### (Violation of the Lanham Act)

19. Plaintiff realleges each allegation set forth in the paragraphs above.

20. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Ceremony of Roses Acquisition LLC, seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

  B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell or distribute within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

  C. That Defendants deliver up for destruction all Infringing Merchandise.

  D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

  E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: May 9, 2023

Respectfully Submitted
CEREMONY OF ROSES ACQUISITION LLC
By Its Attorneys
/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
loliverio@polsinelli.com
Polsinelli, PC
One International Plaza, Suite 3900
Boston, MA 02110
Tel: (617) 406-0335; Fax: (617) 367-4656

Cara R. Burns, Esq. (CA Bar # 137557)
Mims, Kaplan, Burns & Garretson
cburns@hmkblawyers.com
28202 Cabot Rd, Suite 300
Laguna Niguel, CA 92677
Tel: (310) 314-1721; Fax: (310) 314-1725